UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH MONAGHAN-BRISTOW | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT |
| JOHN C. BONEWICZ, P.C. and CACH, LLC | JURY TRIAL DEMANDED |
| Defendants. | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, ELIZABETH MONAGHAN-BRISTOW ("Elizabeth"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, JOHN C. BONEWICZ, P.C. ("Bonewicz") and CACH, LLC ("CACH") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and CACH's violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Elizabeth is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Bonewicz was an Illinois law firm with its principal office located at 350 North Orleans Street, Suite 300, Chicago, Illinois 60654.

6. Bonewicz is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7. At all times relevant to the action, CACH was a Colorado corporation with its principal office located at 4340 South Monaco, 2nd Floor, Denver, Colorado 80237 and with its registered agent in Illinois located at C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

8. CACH is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSE OF ACTION**

9. CACH has been attempting to collect, from Elizabeth, an alleged consumer debt in the amount of $6,255.73 alleged to have been originated by Bank of America.

10. On August 30, 2012, Bonewicz, on behalf of CACH, filed a complaint in the Circuit Court of Cook County, Illinois against Elizabeth. The case was captioned *CACH, LLC v. Elizabeth Monaghan* case number 2012 M1 151971 ("Collection Case"). *See* Exhibit A, a true and correct copy of the complaint filed in the Collection Case.

11. On March 10, 2014, Elizabeth was served with the complaint filed in the Collection Case. *See* Exhibit B, a true and correct copy of the Collection Case court docket.

12. Elizabeth had no knowledge of the Collection Case prior to being served with the complaint on March 10, 2014.

13. On March 19, 2014, Elizabeth filed her appearance in the Collection Case, incurring costs as a result. *Id.*

14. On July 17, 2014, Bonewicz caused a judgment to be entered against Elizabeth in the Collection Case. *Id.*

15. Bonewicz filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

16. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit C, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

17. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

18. Cases filed in the First Municipal District are identified by the abbreviation "M1."

19. Elizabeth resides at 424 South Brainard Avenue, La Grange, Illinois 60525.

20. La Grange, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Fifth Municipal District. *Id.*

21. The Bridgeview Courthouse is the courthouse that serves the Circuit Court of Cook County's Fifth Municipal District. *Id.*

22. The Richard J. Daley Center Courthouse is 17 miles from Elizabeth's home.

23. In contrast, the Bridgeview Courthouse is 11 miles from Elizabeth's home.

24. In order for Elizabeth to travel to the Bridgeview Courthouse from her home, she would merely have to drive on La Grange Road to Harlem Avenue and park in the free parking lot at the Bridgeview Courthouse.

25. According to Google Maps, the trip would take about 18 minutes.

26. In order for Elizabeth to travel to the Richard J. Daley Center Courthouse, she must take Interstate 55 North to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

27. According to Google Maps, this trip will take 31 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

28. The courthouse closest to Elizabeth's home is the Bridgeview Courthouse.

29. As a result of Defendants' actions, Elizabeth was forced to retain counsel that regularly practices in the First District and incurred substantial attorney's fees and costs in order to defend the Collection Case at the Richard J. Daley Center Courthouse.

## COUNT I -- VIOLATION OF THE FDCPA AGAINST BONEWICZ

30. Elizabeth repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

32. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

4

33. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

34. Bonewicz violated 15 U.S.C. §1692i(a)(2) when it caused a judgment to be entered against Elizabeth in the Collection Case on July 17, 2014, at the Richard J. Daley Center Courthouse, a location some 6 miles further from Elizabeth's home than the Bridgeview Courthouse.

35. The closest courthouse to Elizabeth's home is the Bridgeview Courthouse.

36. Bonewicz sued Elizabeth, on behalf of CACH, at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

37. Bonewicz's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA

WHEREFORE, Plaintiff, ELIZABETH MONAGHAN-BRISTOW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF THE FDCPA AGAINST CACH

38. Elizabeth repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

39. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

40. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

41. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

42. CACH violated 15 U.S.C. §1692i(a)(2) when it directed Bonewicz to enter a judgment against Elizabeth in the Collection Case on July 17, 2014, at the Richard J. Daley Center Courthouse, a location some 6 miles further from Elizabeth's home than the Bridgeview Courthouse.

43. The closest courthouse to Elizabeth's home is the Bridgeview Courthouse.

44. CACH directed Bonewicz to sue and enter a judgment against Elizabeth at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

45. CACH's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, ELIZABETH MONAGHAN-BRISTOW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III -- VIOLATION OF ICFA AGAINST CACH

46. Elizabeth restates and realleges paragraphs 1 through 29 as though fully set forth herein.

47. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

48. CACH violated 815 ILCS 505/2 when it engaged in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect a debt from Elizabeth.

49. Specifically, CACH's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive Elizabeth into believing that the First Municipal District is the venue where she must defend the case, when in fact, she would have been able to defend the Collection Case in the more convenient Bridgeview Courthouse.

50. CACH regularly obtains default judgments against consumers by knowingly filing collection actions against them in venues that are convenient for CACH, and its attorneys,

7

and purposely inconvenient and discouraging for the consumer who may not otherwise have the means to travel the long distances.

51. CACH's self-serving pattern and practice of filing collection actions against consumers, with actual knowledge that such a practice increases the probability of default judgments against consumers, amounts to an unfair debt collection practice effectuated through the courts.

52. CACH's pattern and practice described above amounts to an unfair, deceptive and improper use of the courts in connection with the collection of a debt.

53. CACH's active concealment of the proper venue, for where it could file its collection action, constitutes a material misrepresentation made in the conduct of trade or commerce.

54. CACH intended that Elizabeth rely on its misrepresentation in its attempts to obtain a judgment against her in the improper venue.

55. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

56. Elizabeth was harmed by CACH's unfair and deceptive practices because she was led to believe she had to expend unnecessary time and energy traveling to the wrong venue.

57. As pled in paragraph 29, Elizabeth was harmed by CACH's deceptive business practices.

58. Moreover, these unfair and deceptive practices are part of a pattern and practice of behavior in which CACH routinely engages as part of its lucrative business model.

8

59. An award of punitive damages is appropriate because CACH's conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and Elizabeth's rights thereunder.

60. Furthermore, punitive damages are warranted to deter CACH from further harmful misconduct.

61. As such, Elizabeth is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ELIZABETH MONAGHAN-BRISTOW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 16, 2014      Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC #6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188