IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MONAGHAN-BRISTOW, | ) | |
| | ) | |
| Plaintiff, | ) | 1:14-cv-06314 |
| | ) | |
| v. | ) | District Judge Andrea R. Wood |
| | ) | Magistrate Judge Sidney I. Schenkier |
| JOHN C. BONEWICZ, P.C. and CACH, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CACH, LLC'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CACH, LLC, by and through its undersigned counsel, hereby states its answers and affirmative defenses to the Complaint of Plaintiff, Elizabeth Monaghan-Bristow, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and CACH's violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

ANSWER: Defendant denies the allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 (FDCPA) and 28 U.S.C. §§ 1331,

1

1337, as this action arises under the laws of the United States and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

ANSWER: Defendant admits that this action is brought pursuant to the FDCPA and that jurisdiction is proper, but denies any violation of state or federal law.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

ANSWER: Defendant denies the allegations in Paragraph 3.

## PARTIES

4. Elizabeth is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

ANSWER: Defendant admits Plaintiff is a natural person, but denies the remaining allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

5. At all times relevant to this action, Bonewicz was an Illinois law firm with its principal office located at 350 North Orleans Street, Suite 300, Chicago, Illinois 60654.

ANSWER: Defendant admits the allegations in Paragraph 5.

6. Bonewicz is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

ANSWER: Defendant denies the allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7. At all times relevant to the action, CACH was a Colorado corporation with its principal office located at 4340 South Monaco, 2nd Floor, Denver, Colorado 80237 and with its registered agent in Illinois located at C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

ANSWER: Defendant admits that CACH is a Colorado corporation with its principal office located at 4340 South Monaco, 2nd Floor, Denver, Colorado 80237, but denies the remaining allegations in Paragraph 7.

8. CACH is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

ANSWER: Defendant denies the allegations in Paragraph 8.

## FACTS SUPPORTING CAUSE OF ACTION

9. CACH has been attempting to collect, from Elizabeth, an alleged consumer debt in the amount of $6,255.73 alleged to have been originated by Bank of America.

ANSWER: Defendant denies the allegations in Paragraph 9.

10. On August 30, 2012, Bonewicz, on behalf of CACH, filed a complaint in the Circuit Court of Cook County, Illinois against Elizabeth. The case was captioned *CACH, LLC v. Elizabeth Monaghan* case number 2012 M1 151971 ("Collection Case"). *See* Exhibit A, a true and correct copy of the complaint filed in the Collection Case.

ANSWER: Defendant admits the allegations in Paragraph 10.

11. On March 10, 2014, Elizabeth was served with the complaint filed in the Collection Case. *See* Exhibit B, a true and correct copy of the Collection Case court docket.

ANSWER: Defendant admits the allegations in Paragraph 11.

12. Elizabeth had no knowledge of the Collection Case prior to being served with the complaint on March 10, 2014.

ANSWER: Defendant denies the allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

13. On March 19, 2014, Elizabeth filed her appearance in the Collection Case, incurring costs as a result. *Id*.

ANSWER: Defendant admits that Plaintiff filed her appearance on March 19, 2014, but denies the remaining allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

14. On July 17, 2014, Bonewicz caused a judgment to be entered against Elizabeth in the Collection Case. *Id*.

ANSWER: Defendant admits the allegations in Paragraph 14.

15. Bonewicz filed the Collection Case at the Richard J. Daley Center Courthouse. *Id*.

ANSWER: Defendant admits the allegations in Paragraph 15.

16. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit C, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

ANSWER: Defendant denies the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

17. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

ANSWER: Defendant denies the allegations in Paragraph 17 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

18. Cases field in the First Municipal District are identified by the abbreviation "M1."

ANSWER: Defendant denies the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

19. Elizabeth resides at 424 South Brainard Avenue, La Grange, Illinois 60525.

ANSWER: Defendant denies the allegations in Paragraph 19 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

20. La Grange, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Fifth Municipal District. *Id.*

ANSWER: Defendant denies the allegations in Paragraph 20 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

21. The Bridgeview Courthouse is the courthouse that serves the Circuit Court of Cook County's Fifth Municipal District. *Id.*

ANSWER: Defendant denies the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

22. The Richard J. Daley Center Courthouse is 17 miles from Elizabeth's home.

ANSWER: Defendant denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

23. In contrast, the Bridgeview Courthouse is 11 miles from Elizabeth's home.

ANSWER: Defendant denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

24. In order for Elizabeth to travel to the Bridgeview Courthouse from her home, she would merely have to drive on La Grange Road to Harlem Avenue and park in the free parking lot of the Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

25. According to Google Maps, the trip would take about 18 minutes.

ANSWER: Defendant denies the allegations in Paragraph 25 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

26. In order for Elizabeth to travel to the Richard J. Daley Center Courthouse, she must take Interstate 55 North to Chicago, locate expensive parking for her vehicle, and make her way either on foot or via taxi.

ANSWER: Defendant denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

27. According to Google Maps, this trip will take 31 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

ANSWER: Defendant denies the allegations in Paragraph 27 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

28. The courthouse closest to Elizabeth's home is the Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 28 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

29. As a result of Defendants' actions, Elizabeth was forced to retain counsel that regularly practices in the First District and incurred substantial attorney's fees and costs in order to defend the Collection Case at the Richard J. Daley Center Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 29.

**COUNT I – VIOLATION OF THE FDCPA AGAINST BONEWICZ**

30. Elizabeth repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

ANSWER: Defendant repeats, reiterates and incorporates by reference, Paragraphs 1 through 29.

31. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

ANSWER: Defendant denies the allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

32. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

ANSWER: Defendant denies the allegations in Paragraph 32 in that it does not state the law in its entirety.

33. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

ANSWER: Defendant denies the allegations in Paragraph 33.

34. Bonewicz violated 15 U.S.C. §1692i(a)(2) when it caused a judgment to be entered against Elizabeth in the Collection Case on July 17, 2014, at the Richard J. Daley Center Courthouse, a location some 6 miles further from Elizabeth's home than the Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 34.

8

35. The closes courthouse to Elizabeth's home is the Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 35 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

36. Bonewicz sued Elizabeth, on behalf of CACH, at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

ANSWER: Defendant denies the allegations in Paragraph 36.

37. Bonewicz's unlawful collection activities constitutes abusive forum-shopping in violation of the FDCPA

ANSWER: Defendant denies the allegations in Paragraph 37.

### COUNT II – VIOLATION OF THE FDCPA AGAINST CACH

38. Elizabeth repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

ANSWER: Defendant repeats, reiterates and incorporates by reference, Paragraphs 1 through 29.

39. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

ANSWER: Defendant denies the allegations in Paragraph 39 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

40. 15 U.S.C. § 1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

ANSWER: Defendant denies the allegations in Paragraph 40 in that it does not state the law in its entirety.

41. 15 U.S.C. § 1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

ANSWER: Defendant denies the allegations in Paragraph 41.

42. CACH violated 15 U.S.C. § 1692i(a)(2) when it directed Bonewicz to enter a judgment against Elizabeth in the Collection Case on July 17, 2014, at the Richard J. Daley Center Courthouse, a location some 6 miles further from Elizabeth's home than the Bridgeview Courthouse.

ANSWER: Defendant denies the allegation in Paragraph 42.

43. The closes courthouse to Elizabeth's home is the Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

44. CACH directed Bonewicz to sue and enter a judgment against Elizabeth at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

ANSWER: Defendant denies the allegations in Paragraph 44.


45. CACH's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

ANSWER: Defendant denies the allegations in Paragraph 45.

### COUNT III – VIOLATION OF ICFA AGAINST CACH

46. Elizabeth restates and realleges paragraphs 1 through 29 as though fully set forth herein.

ANSWER: Defendant repeats, reiterates and incorporates by reference, Paragraphs 1 through 29.

47. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

ANSWER: Defendant admits the allegations in Paragraph 47.

48. CACH violated 815 ILCS 505/2 when it engaged in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect a debt from Elizabeth.

ANSWER: Defendant denies the allegations in Paragraph 48.

49. Specifically, CACH's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive Elizabeth into

believing that the First Municipal District is the venue where she must defend the case, when in fact, she would have been able to defend the Collection Case in the more convenient Bridgeview Courthouse.

ANSWER: Defendant denies the allegations in Paragraph 49.

50. CACH regularly obtains default judgments against consumers by knowingly filing collection actions against them in venues that are convenient for CACH, and its attorneys, and purposely inconvenient and discouraging for the consumer who may not otherwise have the means to travel the long distances.

ANSWER: Defendant denies the allegations in Paragraph 50.

51. CACH's self-serving pattern and practice of filing collection actions against consumers, with actual knowledge that such practice increases the probability of default judgments against consumers, amounts to an unfair debt collection practice effectuated through the courts.

ANSWER: Defendant denies the allegations in Paragraph 51.

52. CACH's pattern and practice described above amounts to an unfair, deceptive and improper use of the courts in connection with the collection of a debt.

ANSWER: Defendant denies the allegations in Paragraph 52.

53. CACH's active concealment of the proper venue, for where it could file its collection action, constitutes a material misrepresentation made in the conduct of trade or commerce.

ANSWER: Defendant denies the allegations in Paragraph 53.

54. CACH intended that Elizabeth rely on its misrepresentation in its attempts to obtain a judgment against her in the improper venue.

ANSWER: Defendant denies the allegations in Paragraph 54.

55. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

ANSWER: Defendant admits the allegations in Paragraph 55.

56. Elizabeth was harmed by CACH's unfair and deceptive practices because she was led to believe she had to expend unnecessary time and energy traveling to the wrong venue.

ANSWER: Defendant denies the allegations in Paragraph 56.

57. As pled in paragraph 29, Elizabeth was harmed by CACH's deceptive business practices.

ANSWER: Defendant denies the allegations in Paragraph 57.

58. Moreover, these unfair and deceptive practices are part of a pattern and practice of behavior in which CACH routinely engages as part of its lucrative business model.

ANSWER: Defendant denies the allegations in Paragraph 58.

59. An award of punitive damages is appropriate because CACH's conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and Elizabeth's rights thereunder.

ANSWER: Defendant denies the allegations in Paragraph 59.

60. Furthermore, punitive damages are warranted to deter CACH form further harmful misconduct.

ANSWER: Defendant denies the allegations in Paragraph 60.

61. As such, Elizabeth is entitled to relief pursuant to 815 ILCS 505/10a.

ANSWER: Defendant denies the allegations in Paragraph 61.

**WHEREFORE**, having fully answered all four causes of action of Plaintiff, Defendant prays that this action be dismissed with prejudice and that Defendant be granted attorneys' fees and costs incurred in defense of this matter.

### AFFIRMATIVE DEFENSES

1. This dispute may be subject to binding arbitration per the terms of the agreement between the original creditor and obligor.

2. The purported claims set forth in the Amended Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

3. Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA

and the authority interpreting the FDCPA. Here, Defendant relied, in good faith, upon the Seventh Circuit's ruling in *Newsome v. Friedman*, 76 F.3d 813 (7th Cir. 1996) which allowed collection lawsuits, such as the one at issue here, to be filed in the Cook County First Municipal District reasoning that Illinois Circuit Courts constitute judicial districts as defined by the FDCPA, but municipal department districts do not. *Newsome*, 76 F.3d at 819-829. Defendant also acted in accordance with the Circuit Court of Cook County's encouragement and structure designed to accommodate a large volume of lawsuits in Municipal I Division. In fact, the County's own website refers to "Collection Court" as being part of the Municipal I Division. *See* http://www.cookcountycourt.org/ABOUTTHECOURT/MunicipalDepartment/FirstMunicipalDistrictChicago.aspx. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

4. Defendant acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

5. Assuming arguendo a violation of the FDCPA, which Defendant denies, Plaintiff failed to mitigate her damages. Plaintiff was represented by counsel in the defense of the collection action. Plaintiff's counsel could have, at any time, choose to move the court, or request the agreement of Defendant, to transfer the action to the Bridgeview courthouse but chose not to. This is because the Daley Center, which is specifically organized for collection cases, was the proper venue.

Respectfully Submitted,

CACH, LLC

By: /s/ Nicole M. Strickler
Nicole M. Strickler
Messer, Stilp & Strickler, Ltd.
166 W. Washington Street, Suite 300
Chicago, Illinois 60602
312-334-3476
312-334-3434 (fax)
IL # 6298459
Strickler@messerstilp.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 24, 2014 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

            By: /s/ Nicole M. Strickler
            Nicole M. Strickler
            Messer, Stilp & Strickler, Ltd.
            166 W. Washington Street, Suite 300
            Chicago, Illinois 60602
            312-334-3476
            312-334-3434 (fax)
            IL # 6298459
            Strickler@messerstilp.com