IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MONAGHAN-BRISTOW, | ) | |
| | ) | |
| Plaintiff, | ) | 1:14-cv-06314 |
| | ) | |
| v. | ) | District Judge Andrea R. Wood |
| | ) | Magistrate Judge Sidney I. Schenkier |
| JOHN C. BONEWICZ, P.C. and | ) | |
| CACH, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**

**The Parties**

1. Plaintiff is a natural person residing at 424 S. Brainard Avenue, La Grange, IL 60525. *See* Exhibit A, ¶ 7, attached hereto is a true and accurate copy of Plaintiff's declaration.

**RESPONSE**: Undisputed.

2. Defendant John C. Bonewicz, P.C. ("Bonewicz") is a professional corporation in the state of Illinois with its principal office located at 350 North Orleans Street, Suite 300, Chicago, IL 60654. *See* Exhibit B, ¶5, attached hereto is a true and accurate copy of Bonewicz's Answer to Plaintiff's First Amended Complaint.

**RESPONSE**: Undisputed.

3. Bonewicz is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6). *See* Exhibit C, pgs. 2-3, attached hereto is a true and correct copy of the complaint filed by Bonewicz in the Collection Case.

**RESPONSE**: Defendant disputes that it is a "debt collector" as that term is defined by the FDCPA as Bonewicz lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt in question.

4. Defendant CACH, LLC ("CACH") is a Colorado corporation with its principal office located at 4340 South Monaco, 2nd Floor, Denver, Colorado 80237. *See* Exhibit D, ¶7, attached hereto is a true and accurate copy of CACH's Answer to Plaintiff's First Amended Complaint.

**RESPONSE**: Undisputed.

5. CACH is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6). *See* Exhibit C, pgs. 2-3, attached hereto is a true and correct copy of the complaint filed by CACH, through Bonewicz, in the Collection Case.

**RESPONSE**: Defendant disputes that it is a "debt collector" as that term is defined by the FDCPA as CACH lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt in question.

### Jurisdiction and Venue

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391 as Defendants conduct business in the Northern District of Illinois. *See* Exhibit B, ¶3; Exhibit D, ¶3.

**RESPONSE**: Undisputed.

7. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), as the action arises under the laws of the United States. *See* Exhibit B, ¶2, Exhibit D, ¶2.

**RESPONSE**: Undisputed.

## The Collection Case

8. Plaintiff opened a revolving credit card account with Bank of America, N.A. ("Plaintiff's account"). *See* Exhibit A, ¶2.

**RESPONSE**: Undisputed.

9. Plaintiff used the credit card to make purchases for personal use. *Id.* at ¶3.

**RESPONSE**: Defendants dispute the facts in No. 9 as they are unaware of the reasons or purposes for which Plaintiff incurred the debt in question.

10. On August 30, 2012, Bonewicz filed a complaint on behalf of CACH, in the Circuit Court of Cook County, Illinois against Plaintiff. The case was captioned *CACH, LLC v. Elizabeth Monaghan*, case number 2012 M1 151971 and sought collection on Plaintiff's account ("Collection Case"). The Collection Case complaint alleged that CACH is the successor in interest of Plaintiff's account. *See* Exhibit A, ¶5; Exhibit C, pg. 3, ¶6; Exhibit B, ¶10; Exhibit D, ¶10.

**RESPONSE**: Undisputed.

11. CACH obtained Plaintiff's account after Plaintiff was in default and after Bank of American, N.A. charged it off. *See* Exhibit A, ¶4; Exhibit C, pg. 3, ¶6.

**RESPONSE**: Undisputed.

12. CACH retained Bonewicz to file the Collection Case on its behalf. *See* Exhibit C.

**RESPONSE**: Undisputed.

13. The Collection Case complaint states that "[t]his communication is from a debt collector and is an attempt to collect a debt." *See* Exhibit C, pgs. 2-3.

**RESPONSE**: Undisputed.

14. Bonewicz filed the Collection Case at the Richard J. Daley Courthouse. *See* Exhibit B, ¶15; Exhibit C; Exhibit D, ¶15.

**RESPONSE**: Undisputed.

15. The Richard J. Daley Center Courthouse ("Daley Center") serves Cook County's First Municipal District. The Daley Center is located in downtown Chicago. *See* Exhibit E, attached hereto is a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**RESPONSE**: Undisputed.

16. Plaintiff resided at 424 South Brainard Avenue, La Grange, IL 60525 at the time the Collection Case was filed. *See* Exhibit A, ¶7; Exhibit C; pg. 1.

**RESPONSE**: Undisputed.

17. La Grange, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Fifth Municipal District, which is served by the Bridgeview Courthouse. *See* Exhibit E.

**RESPONSE**: Undisputed.

18. The Daley Center is approximately 17 miles from Plaintiff's home. *See* Exhibit A, ¶8.

**RESPONSE**: Undisputed.

19. The Bridgeview Courthouse is approximately 11 miles from Plaintiff's home. *See* Exhibit A, ¶9.

**RESPONSE**: Undisputed.

20. Plaintiff traveled to the Daley Center to file her appearance in the Collection Case. *See* Exhibit A, ¶12.

**RESPONSE**: Defendants dispute the facts in No. 20 for lack of knowledge or information to form a belief as to whether Plaintiff personally traveled to the Daley Center to file her appearance in the Collection Case or whether her attorneys filed the appearance on her behalf.

21. It is inconvenient, time consuming, and costly for Plaintiff to travel to downtown Chicago. *See* Exhibit A, ¶10.

**RESPONSE**: Defendants dispute the facts in No. 21 as Defendants do not believe a difference in 6 miles of traveling is inconvenient, time consuming and costly.

22. It is more convenient, less time consuming and more cost effective for Plaintiff to travel to the Bridgeview courthouse. *See* Exhibit A, ¶11.

**RESPONSE**: Defendants dispute the facts in No. 22 as Defendants do not believe a difference in 6 miles of traveling is inconvenient, time consuming and costly.

23. Plaintiff did not sign the alleged contract that gave rise to the Collection Case within the credit originator, Bank of America, N.A., or CACH, in Cook County's First Municipal District. *See* Exhibit A, ¶14.

**RESPONSE**: Defendants dispute the facts in No. 23 as there is insufficient evidence to determine where Plaintiff made purchases with the credit card at issue. Plaintiff lacked knowledge or information to form a belief of whether she used the credit account to make purchases in Chicago. *See* Plaintiff's Responses to Defendants' Requests to Admit, ¶2 attached hereto as Exhibit 1.

Respectfully Submitted,

JOHN C. BONEWICZ, P.C.
CACH, LLC

By: /s/ Nicole M. Strickler
Nicole M. Strickler
Messer, Stilp & Strickler, Ltd.
166 W. Washington Street, Suite 300
Chicago, Illinois 60602
312-334-3476
312-334-3434 (fax)
IL # 6298459
Strickler@messerstilp.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 5, 2015 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

                          By: /s/ Nicole M. Strickler
                          Nicole M. Strickler
                          Messer, Stilp & Strickler, Ltd.
                          166 W. Washington Street, Suite 300
                          Chicago, Illinois 60602
                          312-334-3476
                          312-334-3434 (fax)
                          IL # 6298459
                          Strickler@messerstilp.com